IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**DAVID JOHN BRYAN,**
    **Plaintiff,**

v.                                    **CIVIL ACTION NO. 3:16-cv-05062**

**NANCY BERRYHILL,**
**Acting Commissioner of Social Security,**
    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383f. Presently pending before this Court are Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 12) and Brief in Support of Defendant's Decision (ECF No. 13).

Claimant David John Bryan filed applications for DIB and SSI on July 6, 2012. Claimant alleged disability beginning July 8, 2011. These claims were denied initially on December 21, 2012, and upon reconsideration on May 15, 2013. Thereafter, Claimant filed a written request for hearing on June 17, 2013. On August 21, 2014, a video hearing was held with Claimant appearing in Huntington, West Virginia. The Administrative Law Judge (ALJ) presided over the hearing from St. Louis, MO. By decision dated January 15, 2015, the ALJ determined that Claimant was not entitled to benefits. On February 10, 2015, Claimant sought review by the Appeals Council of the ALJ's unfavorable decision. In a notice dated April 8, 2016, the Appeals Council (AC) denied Claimant's request for review (Tr. at 1-4). The AC stated "We found no reason under our rules to review the Administrative Law Judge's

decision. Therefore, we have denied your request for review" (Tr. at 1). The AC considered the following:

> In looking at your case we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's actions, conclusion or findings are contrary to the weight of the evidence currently of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> …
>
> We also looked at the Medical Records from Valley Health Stepptown dated March 11, 2015 to September 14, 2015 (20 pages) and Medical Records from James C. Leadingham, O.D. dated April 10, 2015 (9 pages). The Administrative Law Judge decided your case through January 15, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 15, 2015 (Tr. at 2).
>
> If you want us to consider whether you were disabled after January 15, 2015, you need to apply again. (*Id.*)

The Order of Appeals Council dated April 8, 2016, made the following additional evidence part of the record:

> Exhibit 16F    Medical Records from Valley Health Stepptown dated October 14, 2014 to December 16, 2014 (19 pages)
>
> Exhibit 17F    Medical Records from James C. Leadingham, O.D. dated December 5, 2013 (11 pages).

Thereafter, Claimant filed a complaint with this Court pursuant to 42 U.S.C. § 405(g), requesting that "The Plaintiff's Motion for Judgement on the Pleadings should be granted, as the Plaintiff has been diagnosed as having severe impairments that hinder

his ability to return to gainful employment" (ECF No. 12). Claimant asserts that "In the alternative, this case should be remanded to fully and fairly develop the evidence, to resolve any inconsistencies, to utilize all the evidence in the record in making a disability judgment and to render a correct assessment of Plaintiff's residual functional capacity." (Id.)

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms

of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of July 8, 2011 (Tr. at 36) and meets the insured status requirements through June 30, 2014 (Tr. at 14). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of diabetes mellitus. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 37). The ALJ then found that Claimant has a residual functional capacity to perform work at the medium exertional level with no more than occasional fine finger work and no work that requires fine visual acuity. The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 40). The ALJ held that Claimant could perform a range of unskilled medium work[1] in the national economy in jobs such as: hospital housekeeper (Tr. at 41). On this basis, benefits were denied. (*Id.*)

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was

---

[1] The ALJ held that Claimant has the residual functional capacity to perform medium work. However, due to Claimant's inability to perform all or substantially all of the requirements of this level of work, the ALJ held that Claimant could perform unskilled medium work (Tr. at 41).

4

defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was born on November 25, 1970. He last completed the 11th grade in high school in 1987 (Tr. at 249). He lives in a house with his mother (Tr. at 269).

### The Medical Record

Claimant's medical treatment records will be discussed below to the extent necessary for this recommendation. The undersigned respectfully recommends the District Judge remand this matter for reconsideration including the new and material medical records evidence admitted by the Appeals Council. Therefore, further assertions made in Plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings will not be discussed at this time.

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's decision failed to properly apply the law to the facts (ECF

No. 12). Claimant avers that the ALJ failed to consider the combination of Claimant's impairments, including diabetes, back, leg, knee and foot pain. (*Id.*) Claimant asserts that the ALJ failed to properly consider Claimant's pain and to perform any credibility determination. Claimant asserts that the ALJ failed to accurately develop the evidence and produce evidence sufficient to rebut the presumption of disability. Claimant argues that the ALJ's decision is not supported by substantial evidence.

Defendant asserts that Claimant has not proven he is disabled (ECF No. 13). Defendant avers that the ALJ adequately considered the combined effect of Claimant's impairments. Defendant asserts that substantial evidence supports the ALJ's assessment of Claimant's subjective pain complaints. (*Id.*) Additionally, Defendant argues that the ALJ developed the record in accordance with controlling regulations and properly concluded that Claimant was not disabled and that he could perform a significant number of jobs in the national economy.

## Discussion

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or

not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

The Appeals Council must consider "new and material evidence" presented after the ALJ's decision "where it relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b). "If qualifying new evidence is presented, the Appeals Council must evaluate the entire record, including the new evidence. If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand the case to the ALJ." *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. §§ 404.970(b) and 404.979 (1999)).

This Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991). Although new evidence of the nature submitted by Claimant to the Appeals Council must "relate to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. §§ 404.970(b) and 416.1470(b), "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." *Reichard v. Barnhart*, 285 F. Supp.2d 728, 733 (S.D. W. Va. 2003); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability").

Regarding the requirement of 42 U.S.C. § 405(g) that the claimant show good cause for not submitting the evidence earlier, that provision should be interpreted as applying to evidence first submitted to the district court, not to evidence that was submitted to the Commissioner during the administrative proceedings. As the Fourth Circuit stated, there is no requirement that a claimant

8

show good cause in seeking to present new evidence to the Appeals Council. *Wilkins v. Secretary, Dep't of HHS,* 953 F.2d 93, 96 n. 3 (4th Cir. 1991). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

In the present matter, the ALJ gave minimal weight to the opinion of Molly E. Bennett-Beckley, PA-C because "she did not report any objective findings to support any physical limitations" (Tr. at 39). On appeal, the AC received additional evidence including treatment records from Ms. Bennett-Beckley, dated November 27, 2013 to approximately November 17, 2015. The records consisting of 19 pages were made part of the record as Exhibits 16F (Tr. at 5). These records include Ms. Bennet-Beckley's objective finding and treatment records, therefore, it is a reasonable possibility that these treatment records could have affected the outcome in the ALJ's order. At the very least, these documents may have changed the weight the ALJ gave Ms. Bennet-Beckley's opinion.

Additionally, the AC received new evidence including treatment records from optometrist James C. Leadingham, O.D., F.A.A.O., dated November 27, 2013 to approximately April 1, 2015. Dr. Leadingham examined Claimant yearly, testing for diabetic retinopathy. The records consisting of 11 pages were made part of the record as Exhibit 17F (Tr. at 5). Therefore, it is a reasonable possibility that these treatment records as well could have affected the outcome in the ALJ's order.

Conclusion

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The additional records, marked as Exhibits 16F and 17F, were admitted into evidence by the Appeals Council. The undersigned respectfully recommends that the District Judge find that the additional evidence admitted by the Appeals Council is new and material. As the new evidence was submitted to the AC, good cause is not required. A portion of the contents of the newly admitted evidence addresses Claimant's severe impairment of diabetes mellitus. As such, the undersigned suggests that the District Judge find that there is a reasonable possibility that the newly admitted evidence would have changed the outcome of the ALJ's decision. Therefore, the ALJ's decision is not supported by substantial evidence as she has not reviewed the record as a whole. This Court makes no recommendation as to Claimant's remaining arguments. These issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 12) to the extent Plaintiff seeks remand pursuant to sentence four of 42 U.S.C. § 405(g), **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 13), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby

**FILED**, and a copy will be submitted to the Honorable Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: June 9, 2017

Dwane L. Tinsley
United States Magistrate Judge