IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID JOHN BRYAN,

          Plaintiff,

v.                                  CIVIL ACTION NO.  3:16-5062

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Objections (ECF No. 17) to the Proposed Findings and Recommendation by the Magistrate Judge.  Plaintiff filed the instant case to challenge the Commissioner of the Social Security Administration's (Commissioner) final decision denying Plaintiff disability benefits.  *See Pl.'s Compl.*, ECF No. 2.  This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge submitted his Proposed Findings and Recommendation (PF&R) and recommended that the Court grant Plaintiff's Memorandum in Support of Judgment on the Pleadings to the extent that Plaintiff seeks remand pursuant to 42 U.S.C. § 405(g), deny Defendant's Brief in Support of Defendant's decision, reverse the Commissioner's final decision, and remand the case for further proceedings.  *See PF&R*, ECF No. 14, at 10.  Defendant timely filed an objection to these findings.  *See Def.'s Obj.*, ECF No. 17.  For the following reasons, the Court **DENIES** Defendant's Objection and **ADOPTS AND INCORPORATES** the PF&R herein.

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The scope of this Court's review of the Commissioner's decision, however, is narrow. This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla" of evidence, and requires only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted).

In conducting this review, this Court also must address whether the Administrative Law Judge (ALJ) analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* (citation omitted).

In this case, the Magistrate Judge recommends that the Court remand the case back to the ALJ for consideration of new evidence. *PF&R*, ECF No. 14, at 5. The Magistrate Judge explains that Plaintiff submitted two new pieces of evidence to the Appeals Council for review

after the ALJ denied Plaintiff's disability benefits.  *Id.* at 2.  Exhibit 16F includes medical records from Valley Health Stepptown from October to December of 2014 with Molly E. Bennett-Beckley's treatment records, and Exhibit 17F includes medical records from Dr. James C. Leadingham dated December of 2013.  *Id.*  The exhibits contain more information and treatment records regarding Plaintiff's diabetes mellitus.  *Id.* at 10.  Defendant objects to this recommendation, arguing that the issue of new and material evidence was not presented to the Magistrate Judge for consideration.  *Def.'s Obj.*, ECF No. 17, at 1.  Further, Defendant asserts that the additional evidence would not change the ALJ's analysis, and the Court, thus, should affirm the Commissioner's final decision.  *Id.*

The Court, however, agrees with the Magistrate Judge's conclusion.  As an initial matter, the Court finds that Plaintiff did not waive the argument regarding new and material evidence. The Court looks to the entire record in determining whether the ALJ's decision is supported by substantial evidence, of which the new evidence is a part.  Plaintiff adequately challenged the ALJ's decision for not being supported by the record, and the Court is satisfied that this challenge inherently includes the new and material evidence issue, even if not raised directly.

Secondly, the Court disagrees with Defendant's analysis that the additional evidence will have no effect on the ALJ's decision.  It is the role of the ALJ – not the Court – to weigh evidence and resolve conflicts contained within the records.  *Hays*, 907 F.2d at 1456.  The Court must review the ALJ's decision to ensure that the denial of benefits is based on substantial evidence, but the Court should not try to articulate the ALJ's reasoning if not provided within the report. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" (quoting *Florida Power*

*& Light Co. v. Lorion*, 470 U.S. 729, 744 (1985))).  The Court must consider all the evidence in the record, including new evidence submitted to the Appeals Council, when evaluating the Commissioner's decision.  *See Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Here, Plaintiff properly submitted the new evidence to the Appeals Council after the ALJ initially denied disability benefits.  The Appeals Council must consider new and material evidence submitted by Plaintiff "if it relates to the period on or before the date of the [ALJ] hearing decision."  20 C.F.R. § 404.970(b).  Evidence is new if the information "is not duplicative or cumulative" and "material if there is a reasonable possibility that the new evidence would have changed the outcome."  *Wilkins*, 953 F.2d at 96.  Exhibits 16F and 17F both meet the timing requirements as the records are dated in 2013 and 2014, well before the ALJ final decision in January of 2015.  Although the Appeals Council denied further review of Plaintiff's case, the Court finds that a reasonable possibility exists for the ALJ to alter the outcome based on the new evidence.

The PF&R explains that the ALJ's decision was at least partially based on the minimal weight given to Bennett-Beckley's report and medical records from various doctors' examinations. *See ALJ Decision*, ECF No. 9-2, at 40.  Exhibit 16F provides the objective findings and treatment records from Bennett-Beckley that were missing in the ALJ's initial review.[1]  Exhibit 17F provides additional tests on diabetic retinopathy conducted by Dr. Leadingham.  As the Magistrate Judge concluded, the Court finds that these two additional records have a reasonable possibility to change the outcome of Plaintiff's case.  The first exhibit may convince the ALJ to

---

[1] Although the ALJ stated that Bennett-Beckley was "not an acceptable medical source", the additional records have the possibility to change the ALJ's consideration of Bennett-Beckley's opinions because the minimal weight was also attributed to the lack of objective findings.  *See ALJ Decision*, ECF No. 9-2, at 40.

give more weight to Bennett-Beckley's report, which could tip the scales in Plaintiff's favor. *See id.* at 40 (providing minimal weight to Bennett-Beckley's opinions, in part, due to the lack of objective findings in the record). The second exhibit could lend support to Plaintiff's severe impairment, specifically regarding vision problems. Although Defendant argues that these additional records could not reasonably alter the ALJ's decision by detailing the suggested limited effect of the records, the Court will not weigh the evidence on behalf of the ALJ in making that determination. The ALJ did not have the opportunity to consider Dr. Leadingham's records at all. Even if Dr. Leadingham concluded that Plaintiff did not have diabetic retinopathy, the records illustrate Plaintiff's overall eye condition and future risks that the ALJ should consider. *See Exhibit 17F*, ECF No. 9-26, at 33-43. It is the ALJ's role to weigh the evidence and make the final disability determination; it is the Court's role to merely determine whether additional evidence could have a reasonable possibility to change the outcome. In this case, the ALJ gave minimal weight to Bennett-Beckley's opinions in part due to the lack of objective findings in the record, and the ALJ did not consider Dr. Leadingham's reports on Plaintiff's vision. Accordingly, there is a reasonable possibility that the two additional exhibits could provide further evidence of Plaintiff's severe impairment that may alter the ALJ's disability determination.

Accordingly, the Court agrees with the Magistrate Judge's analysis that the ALJ, not the Court, must review the new evidence provided and include the evidence in the decision. The new evidence presents at least a reasonable possibility that the ALJ could change the outcome or weigh the doctors' opinions differently from the previous decision. Without considering this new and material evidence, the ALJ decision cannot be supported by substantial evidence. Therefore, the Court **ADOPTS AND INCORPORATES** herein the Magistrate Judge's PF&R, **GRANTS** Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 12), **DENIES**

Defendant's Brief in Support of Defendant's Decision (ECF NO. 13), **REVERSES** the final decision of the Commissioner, **REMANDS** this case for further proceedings pursuant to 42 U.S.C. § 405(g), and **DISMISSES** this case from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Dwane L. Tinsley, counsel of record, and any unrepresented parties.

ENTER: July 26, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE