# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON

**DAVID JOHN BRYAN,**

    **Plaintiff,**

**v.**                                                                 **CIVIL ACTION NO. 3:16-cv-05062**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## O R D E R

Currently pending before the Court is Plaintiff's Petition for Award of Attorney Fees and Costs pursuant to the Equal Access to Justice Act, filed February 5, 2019 (ECF No. 21). On February 13, 2019, Defendant filed an Objection to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 22). The Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's application was untimely. Plaintiff has not responded. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on July 6, 2012. The Appeals Council adopted the decision by the Administrative Law Judge dated January 15, 2015. The Defendant's decision to deny benefits became final on April 8, 2016, when the Appeals Council denied review. On June 3, 3016, Plaintiff appealed to this Court (ECF No. 2), and by Order entered July 26, 2017, the Court remanded Plaintiff's case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (ECF Nos. 18 & 19). On February 5, 2019, Plaintiff filed an Application for Attorney Fees

Pursuant to the Equal Access to Justice Act (EAJA) pursuant to 28 U.S.C. § 2412(d) (ECF No. 21).

Defendant argues that Plaintiff's application was untimely because it was not filed within thirty days after the Court's judgment became final, as required by 28 U.S.C. § 2412(d)(1)(B) and the Supreme Court's holding in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Title 28 U.S.C. § 2412(d)(1)(B) provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." The United States Supreme Court, in *Melkonyan*, resolved the meaning of "final judgment" as used in § 2412(d)(1)(B) when it unanimously held that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.* at 96. Thus, in sentence four cases the Court directed that "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.* at 102.

Applying the *Melkonyan* decision, Rule 4(a) of the Federal Rules of Appellate Procedure directs that where an agency of the United States is a party, any party may appeal the district court's decision within sixty days of the entry of judgment. Judgment is entered within the meaning of Rule 4(a) when it is entered in compliance with Rule 58 of the Federal Rules of Civil Procedure, which requires that every judgment be set forth on a separate document. Fed. R. App. P. 4(a)(7). Thus, upon the expiration of the sixty-day appeal period under Rule 4(a), a party has thirty days to file an EAJA application. *See Shalala v. Schaefer*, 113 S. Ct. 2625, 2632 (1993). Expressed more simply, Plaintiff had ninety days from the entry of judgment to file an EAJA application.

In the instant case, this Court ordered a sentence four remand for further proceedings on July 26, 2017 by separate Order, pursuant to Rule 58 of the Federal Rules of Civil Procedure (ECF No. 19). Plaintiff had ninety days from this date, or until October 24, 2017, to file an application for EAJA fees. However, Plaintiff's application was not filed until February 5, 2019, approximately 469 days after the time expired. Because Plaintiff did not file the EAJA petition within the time limits delineated by 28 U.S.C. 2412(d)(1)(B) and the *Melkonyan* decision, the Court finds that the petition is denied as untimely.

Accordingly, it is hereby **ORDERED** that the Petition for Award of Attorneys Fees under the Equal Access to Justice Act is **DENIED** (ECF No. 21). This matter is **DISMISSED** from the docket of this Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

Enter: March 1, 2019

Dwane L. Tinsley
United States Magistrate Judge